# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAREM KURBEGOVICH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN FBI AGENTS,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:09-cv-00964-OWW DLB PC<br><br>ORDER FINDING PLAINTIFF INELIGIBLE TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO PAY $350.00 FILING FEE WITHIN FIFTEEN DAYS OR ACTION WILL BE DISMISSED<br><br>(Docs. 1, 12, 13) |

　　Plaintiff Muharem Kurbegovich ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 19, 2009. This action was transferred from the United States District Court, Northern District of California on May 29, 2009.

　　28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the actions filed by plaintiff reveals that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless plaintiff is, at the time

///

///

///

the complaint is filed, under imminent danger of serious physical injury.[1]

Plaintiff alleges in his complaint that his mail to attorneys, professors and journalists is being stolen and/or destroyed by FBI agents, acting in collusion with the prison warden. The Court has reviewed plaintiff's complaint and finds that plaintiff has alleged no facts that support a finding that he is under imminent danger of serious physical injury.[2] Accordingly, plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action.

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), plaintiff is ineligible to proceed in forma pauperis in this action;

2. Plaintiff shall pay the $350.00 filing fee in full within fifteen (15) days from the date of service of this order; and

3. If plaintiff fails to pay the $350.00 filing fee in full within fifteen (15) days, this action shall be dismissed, without prejudice.

IT IS SO ORDERED.

**Dated:   June 19, 2009**                    /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE

---

[1] Amongst the dismissals suffered by Plaintiff that count as strikes under 1915(g) are case numbers 3:2004-cv-00537 THE PC (ND. Cal) Muharem E. Kurbegovich v. Alameida (dismissed on 10/27/2004 for failure to state a claim and failure to comply with Rule 8); 2:2004-cv-05662 UA-CW (CD. Cal.) Muharem Kurbegovich v. Deputy Director (dismissed on 08/04/2004 when Plaintiff denied leave to proceed in forma pauperis on the ground that the complaint is legally and/or factually patently frivolous, lacks a short and plain statement under Rule 8, and fails to state a claim); and 2:2003-cv-04742 UA CW (CD Cal.) Muharem Kurbegovich v. Dinko Bozanich (dismissed on 07/28/2003 when Plaintiff denied leave to proceed in forma pauperis on the ground, *inter alia*, that the complaint is legally and/or factually patently frivolous). See also cases listed in the Order Transferring Case to the Eastern District of California, filed May 29, 2009. (Doc. 4.)

[2] The Court is aware that on June 11, 2009, Plaintiff filed a document entitled "Amended Declaration: Imminent Threat To My Life". (Doc. 13.) In the document, Plaintiff apparently concedes that he has accrued three strikes, stating that he can only proceed in a civil suit if he alleges facts showing that his life is in imminent danger. Plaintiff contends that he is being programmed by "CIA/DIA/FBI/CDCR Governmental Psychopaths" to commit suicide via subliminal mind control, and also that every inmate, policeman, nurse, psychologist, and parole attorney with whom he has had contact has been "coached, trained and finally deployed" to harm Plaintiff. Plaintiff concludes by requesting that Judge Henderson, to whom this action was assigned prior to its transfer to the Eastern District of California, be recused. Although the document is titled as a declaration, it is not sworn under penalty of perjury. Furthermore, there exists no plausible allegation of imminent danger of serious physical injury pled in the document or in the operative complaint.